UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH KARL WILLIAMS, #234758,

    Petitioner,

                                  CASE NO. 18-11061

v.

                                  PAUL D. BORMAN

KEVIN LINDSEY,                  UNITED STATES DISTRICT JUDGE

    Respondent.
_____/

**ORDER GRANTING PETITIONER'S MOTION TO AMEND HIS PETITION AND TRANSFERRING THIS CASE TO THE COURT OF APPEALS AS A SECOND OR SUCCESSIVE PETITION UNDER 28 U.S.C. § 2244(b)(3)(A)**

Petitioner Kenneth Karl Williams, a state prisoner at the G. Robert Cotton Correctional Facility in Jackson, Michigan, recently filed a *pro se* petition for the writ of habeas corpus under 28 U.S.C. § 2254 and a motion to amend the petition. The petition and proposed amended petition challenge Petitioner's state convictions for two counts of first-degree (felony) murder. Petitioner filed a prior petition challenging the same two convictions for first-degree murder, and because that petition was dismissed on the merits, the current petitions are second or successive petitions under 28 U.S.C. § 2244(b)(3)(A). The Court, therefore, grants Petitioner's motion to amend his initial petition in this case and transfers the case to the Court of Appeals for a determination of whether this Court may adjudicate Petitioner's claims on their merits.

1

## I. Background

In 1993, Petitioner was convicted of first-degree (felony) murder, Mich. Comp. Laws § 750.316, assault with intent to rob while armed, Mich. Comp. Laws § 750.89, and possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b. The trial court sentenced Petitioner to life imprisonment without the possibility of parole for the murder convictions, five to ten years in prison for the assault conviction, and two years in prison for the felony-firearm conviction. The Michigan Court of Appeals affirmed Petitioner's murder convictions, but vacated his convictions for assault with intent to rob while armed and felony-firearm. The Court of Appeals then remanded Petitioner's case to the trial court for a recalculation of sentence credit. *See People v. Williams*, No. 172911, 1996 WL 33347678 (Mich. Ct. App. Dec. 20, 1996) (unpublished).[1] On May 6, 1997, the Michigan Supreme Court denied leave to appeal. *See People v. Williams*, 454 Mich. 906 (1997).[2] Years later, the state trial court amended the judgment of sentence to reflect the fact that Petitioner's convictions for assault with intent to rob while armed and felony-firearm were vacated on appeal. *See* Pet. for Writ of Habeas Corpus, App. A.

Meanwhile, in the year 2000, Petitioner filed a federal habeas corpus petition, which United States District Judge Marianne O. Battani denied on the basis that

---

[1] Former Michigan Court of Appeals Judge Helene N. White concurred in part and dissented in part.

[2] Then-Justice Patricia J. Boyle voted to grant leave to appeal on the double jeopardy issue.

Petitioner had not complied with the statute of limitations. *See Williams v. Smith*, No. 00-cv-60335 (E.D. Mich. May 22, 2001). Petitioner did not appeal Judge Battani's decision, but in 2004, he moved for an order authorizing him to file a second or successive habeas petition. The United States Court of Appeals for the Sixth Circuit denied Petitioner's request. *See In re Kenneth Karl Williams*, No. 04-1170 (6th Cir. Oct. 12, 2004).

Petitioner subsequently filed post-judgment documents in case number 00-cv-60335. Judge Battani denied the first post-judgment petition and transferred the other ones to the Sixth Circuit Court of Appeals as second or successive habeas petitions. The Sixth Circuit dismissed the transferred documents for want of jurisdiction.

Petitioner also filed a number of new federal district court cases, which were either dismissed or transferred to the Sixth Circuit as second or successive habeas petitions. *See Williams v. Booker*, No. 05-cv-72794 (E.D. Mich. Aug. 11, 2005); *Williams v. Booker*, No. 06-cv-10787 (E.D. Mich. Mar. 7, 2006); *Williams v. Caruso*, No. 06-cv-11739 (E.D. Mich. June 20, 2006); *Williams v. Booker*, No. 06-cv-14527 (E.D. Mich. Nov. 1, 2006); *Williams v. Romanowski*, No. 07-cv-12897 (E.D. Mich. Aug. 19, 2008); *Williams v. Van Buren Township*, No. 12-cv-13595 (E.D. Mich. Aug. 21, 2012). The Sixth Circuit denied or dismissed the petitions that were transferred to it for review.

On or about May 12, 2016, Petitioner filed a motion for new trial in the state trial court. The trial court treated Petitioner's motion as a motion for relief from judgment and then denied the motion as a second or successive motion under Michigan Court Rule 6.502(G). The Michigan Court of Appeals and the Michigan Supreme Court denied

leave to appeal because Petitioner's motion for relief from judgment was prohibited by Rule 6.502(G). *See People v. Williams,* No. 336612 (Mich. Ct. App. Mar. 8, 2017); *People v. Williams*, __ Mich. __; 906 N.W.2d 761 (Mich. 2018), *reconsideration denied*, __ N.W.2d __, 2018 WL 2050259 (Mich. May 1, 2018).

On April 2, 2018, Petitioner commenced this case. He alleges as grounds for relief that: (1) the state courts erred in denying his motions for relief from judgment and appeals as second or successive motions after the state trial court re-sentenced him; (2) trial counsel was ineffective for failing to timely request a jury instruction on the lesser-included offenses of involuntary manslaughter with a motor vehicle and negligent homicide; (3) his appellate attorney was ineffective for failing to investigate the record and file a motion for new trial on the basis that no oath was administered to the jury before the trial proceedings commenced; (4) his trial attorney was ineffective for failing to investigate the record and move to quash his case on the basis that the arresting agency did not file a sworn affidavit or complaint before an arrest warrant was issued for his arrest; (5) his trial attorney was ineffective for failing to move to suppress all statements and items seized by the police on the basis that he was not arraigned within forty-eight hours of his arrest; (6) trial counsel was ineffective for failing to move for permission to file an interlocutory appeal regarding Petitioner's Sixth Amendment right to a speedy trial; (7) trial counsel was ineffective for failing to object to the trial court's constructive amendment of the information; (8) the trial court deprived him of his constitutional rights by denying his motion for a directed verdict of acquittal after the prosecutor failed to

4

present sufficient evidence; and (9) newly-discovered evidence demonstrates that he was denied his right to an impartial decision-maker.

Finally, on May 7, 2018, Petitioner moved to amend his petition. The proposed amended petition, which is attached to his motion, deletes claim one of the initial petition and re-asserts claims two through nine.

## II. Analysis

The Court begins its analysis by noting that

> [f]ederal law generally gives habeas petitioners one shot to pursue their claims in federal court. For petitions filed after the first one — 'second or successive' petitions in the language of the statute — applicants must overcome strict limits before federal courts will permit them to seek habeas relief.

*In re Stansell*, 828 F.3d 412, 413 (6th Cir. 2016) (citing 28 U.S.C. § 2244(b)(3)(A)). Section 2244(b)(3)(A) "requires petitioners challenging state court judgments to seek authorization in a federal appeals court before filing a 'second or successive' petition in district court." *In re Tibbetts*, 869 F.3d 403, 405 (6th Cir. 2017), *cert. denied sub nom. Tibbetts v. Jenkins*, 138 S. Ct. 661 (2018); *see also Magwood v. Patterson*, 561 U.S. 320, 330-31 (2010); *In re Stansell*, 828 F.3d at 414. Federal "district courts lack jurisdiction to consider 'second or successive' habeas applications without prior authorization from the appropriate Court of Appeals." *Franklin v. Jenkins*, 839 F.3d 465, 475 (6th Cir. 2016), *cert. denied*, 137 S. Ct. 2188 (2017).

Of course, "not all second-in-time petitions are 'second or successive,'" *In re Coley*, 871 F.3d 455, 457 (6th Cir. 2017), but

5

> this not-second-or-successive exception is generally restricted to two
> scenarios. The first is where ripeness prevented, or would have prevented,
> a court from adjudicating the claim in an earlier petition. *See Stewart v.
> Martinez-Villareal*, 523 U.S. 637, 645, 118 S. Ct. 1618, 140 L. Ed. 2d 849
> (1998) (noting that "in [such] situations, the habeas petitioner does not
> receive an adjudication of his claim"). The second is where a federal court
> dismissed an earlier petition because it contained exhausted and
> unexhausted claims and in doing so never passed on the merits. *See Slack
> v. McDaniel*, 529 U.S. 473, 485–86, 120 S.Ct. 1595, 146 L. Ed. 2d 542
> (2000).

*Id*.

Petitioner could have raised all of the claims in his proposed amended petition when he filed his very first petition in 2000, because the claims were ripe by then. Furthermore, the 2000 petition was denied on the basis of Petitioner's failure to comply with the statute of limitations. The "dismissal of a habeas petition as untimely constitutes a disposition on the merits" and renders a subsequent petition second or successive under § 2244(b). *McNabb v. Yates*, 576 F.3d 1028, 1029-30 (9th Cir. 2009). Therefore, Petitioner's current petitions are "second or successive" petitions to the 2000 petition, and he should have sought pre-authorization from the Court of Appeals before he filed this case.

When, as here, a habeas petitioner files a second or successive petition for habeas corpus relief in the district court without prior authorization from the Court of Appeals, the district court must transfer the document to the Court of Appeals pursuant to 28 U.S.C. § 1631.[3] *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Accordingly, the Court

---

[3] Section 1631 states that,

6

orders the Clerk of the Court to transfer Petitioner's case to the Sixth Circuit Court of Appeals for a determination of whether this Court may adjudicate the merits of Petitioner's claims.


Dated:  May 24, 2018                               s/Paul D. Borman                     
                                                   Paul D. Borman
                                                   United States District Judge


CERTIFICATE OF SERVICE

   The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 24, 2018.

                                                   s/D. Tofil                           
                                                   Deborah Tofil
                                                   Case Manager

---

[w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it was transferred.

7