UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH KARL WILLIAMS,

     Petitioner,                                               Case No. 18-cv-11061
                                                                          Hon. Matthew F. Leitman
v.

NOAH NAGY,

     Respondent.

_____/

## ORDER DENYING PETITIONER'S EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER (ECF No. 25)

Petitioner Kenneth Karl Williams a state prisoner in the custody of the Michigan Department of Corrections (the "MDOC").  In 2018, Williams filed a *pro se* petition for a writ of habeas corpus seeking relief from his convictions pursuant to 28 U.S.C. § 2254. (*See* Pet., ECF No. 1.)  On July 31, 2020, the court dismissed the petition because it "fail[ed] to comply with the applicable statute of limitations." (Op. and Order, ECF No. 19, PageID.1724.)  Williams is now appealing that dismissal in the United States Court of Appeals for the Sixth Circuit. (*See* Notice of Appeal, ECF No. 22.)

After Williams filed that appeal, he filed a separate civil action that was assigned to another Judge on this Court. *See Williams v. Michigan Dep't of Corrections*, E.D. Mich. Case No. 20-cv-12349 (Murphy, J.).  In that civil action,

Williams alleges that the named defendants acted with deliberate indifference to his health due to the spread of COVID-19 at the G. Robert Cotton Correctional Facility where he is incarcerated. *See id.*

Williams has now filed a motion for a temporary restraining order in this habeas action. (*See* Mot., ECF No. 25.)  In that motion, Williams argues that his "continued confinement" violates his constitutional rights because of "the danger posed to him by the COVID-19 pandemic." (*Id.*, PageID.1776.)

The Court has carefully reviewed Williams' motion and denies it.  The motion is not properly filed in this habeas action.  The subject matter of the motion (the alleged inability of the MDOC to keep him safe from COVID-19) is not related in any way to the merits of Williams' habeas petition (which seeks relief from his underlying state-court convictions on the merits).  Instead, the motion appears to relate to Williams' pending *civil* action, which is separate from this habeas case. Finally, even if the court construed Williams' motion as one seeking bond pending appeal, the Court would still deny the motion.  Simply put, Williams has not shown why he would be entitled to bond under these circumstances. *See Blocksom v. Klee*, 2015 WL 300261, at *4 (E.D. Mich. Jan. 22, 2005) (denying bond to habeas petitioner who has not yet been granted habeas relief and explaining standards for evaluating a bond motion by a petitioner who has not yet obtained habeas relief).

For all of the reasons stated above, Williams' motion for a temporary restraining order (ECF No. 25) is **DENIED**.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
Dated:  December 8, 2020          UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 8, 2020, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764

3